STATE OF MAINE                          SUPERIOR COURT
AROOSTOOK,ss                            DOCKET NO. CR-14-056


STATE OF MAINE                )
                              )
                              )
                              )
vs.                           )          ORDER ON MOTION TO SUPPRESS
                              )
                              )
                              )
DENNIS WINCHESTER             )
                Defendant     )


Pending before the court is the Defendant's Motion to Suppress. The Defendant contends that his rights to due process have been violated by what he alleges to be the State's failure to preserve exculpatory evidence. The court has conducted an evidentiary hearing in this matter and has now had the opportunity to consider the evidence and the arguments of counsel. For the reasons set forth herein, the court denies this motion.

In this case, Maine State Police Trooper Chuck Michaud was investigating a burglary and theft of property belonging to Darrell Dickinson. Mr. Dickinson had reported to law enforcement that someone had stolen a propane tank from his camper unit. In conjunction with the search of property apparently belonging to Holly Anderson in Van Buren[1], Trooper Michaud observed several propane tanks in the area of search, but did not seize any of them[2] because Mr. Dickinson was not able to identify any of them as his.

---

[1] It isn't clear to the court whether Ms Anderson is the owner of the property or whether she is a tenant. It also is not clear if the Defendant has any ownership or other possessory interest in the property; notwithstanding this issue, there has been no challenge to his standing to bring this motion.

[2] See Transcript of Motion to Suppress Hearing, p. 50 line 9-10

The State has now charged the Defendant with Burglary (Class B); Theft (Class C) and Criminal Mischief (Class D).

The Defendant contends that his right to a fair trial comporting with due process requirements has been compromised by virtue of the fact that law enforcement officers seized property and then returned the subject item to its purported owner rather than retained it within their control. The essence of the Defendant's argument is that the State's failure to preserve this evidence violated his right to due process.

In California v Trombetta, 467 U.S. 479, 488-89, the United States Supreme Court held that the question of whether a defendant has been denied his right to a fair trial as the result of the State's loss or destruction of evidence is not limited to whether the State has acted in bad faith or not. "Rather, ...the question of whether a defendant is required to prove that the State acted in bad faith is a function of the nature of the lost or destroyed evidence." The Court made it clear that prosecutors have a duty to preserve *material* evidence and for evidence to be regarded as *material*, that evidence must possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. Further, the Court stated that, in the absence of demonstrated bad faith, the prosecutors failure to preserve only *potentially useful* evidence is not a denial of due process.

Our Law Court has addressed this issue in State v. Cote, 2015 ME 78, ¶ 15, 118 A.3d 805, 810 when it wrote,

> [ to] determine whether the State's failure to preserve evidence violated a defendant's right to a fair trial, the trial court is required to conduct a bifurcated analysis. First, the court must determine whether the evidence possessed an exculpatory value that was apparent before the evidence was destroyed. If so, then the defendant must show only that the evidence was of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. If, however, the exculpatory

value of the evidence was not apparent at the time of its loss or disappearance, the defendant cannot establish a constitutional deprivation without proof that the State also acted in bad faith in failing to preserve the evidence.

In this case, the Defendant has not only failed to demonstrate that the evidence claimed to be "lost or destroyed" possessed any exculpatory value that was apparent at the time of its "loss" or that there was bad faith of the part of the law enforcement officers involved in handling that evidence, he has failed to demonstrate that any law enforcement officer even seized any evidence to begin with.

Irrespective of the questions of whether the evidence possessed "exculpatory value" and whether the prosecution acted in "bad faith", the Defendant faces a more basic problem. Before the court can turn its attention to whether evidence was "exculpatory" or whether there has been "bad faith", the Defendant must get over a threshold requirement that in deed, the subject evidence has been "lost or destroyed." All that the Defendant has demonstrated is that law enforcement officers went to Ms. Anderson's home and observed some propane tanks. The Defendant has not demonstrated that evidence will not be available for his trial. Even if Trooper Michaud had seized evidence and returned later returned it to a purported owner, the court is aware of no prohibition for law enforcement officers to return property to owners pending trial. If the State can produce the evidence at trial, by definition it is not "lost or destroyed." In State v. Smith, 400 A.2d 749, 757, the Law Court stated that the State had no obligation to provide for inspection of objects outside of its possession, custody or control. Once such objects were returned to their owner, those objects were as accessible to the Defendant as they were to the State. Should it occur that the owner has not retained custody of the objects or is otherwise unable to produce them at trial, then it may well be the State that is prejudiced by its actions

rather than the Defendant. It appears to the court that there is no evidence to suppress in connection with this particular case because no evidence was seized.

The entry shall be: The Defendant's Motion to Suppress is denied.

October 27, 2016

E. Allen Hunter
Active Retired Justice of the Superior Court